| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Common Management Co. |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | 24-11131 |

☐ Check if this is an amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy        04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

1. **Gross revenue from business**

   ☒ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☒ None.

   | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|---|

### Part 2: List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☒ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
   |---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☒ None.

   | Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
   |---|---|---|---|

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

| Debtor | Common Management Co. | Case number (if known) | 24-11131 |
|---|---|---|---|

☒ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

### 6. Setoffs
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

## Part 3: Legal Actions or Assignments

### 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☒ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

### 8. Assignments and receivership
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

## Part 4: Certain Gifts and Charitable Contributions

### 9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

## Part 5: Certain Losses

### 10. All losses from fire, theft, or other casualty within 1 year before filing this case.

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Dates of loss | Value of property lost |
|---|---|---|---|

## Part 6: Certain Payments or Transfers

### 11. Payments related to bankruptcy
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☒ None.

| Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

### 12. Self-settled trusts of which the debtor is a beneficiary

| Official Form 207 | Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy | page 2 |
|---|---|---|

Debtor   Common Management Co.                                    Case number (if known) 24-11131

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

### Part 7:  Previous Locations

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☒ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

### Part 8:  Health Care Bankruptcies

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

### Part 9:  Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

### Part 10:  Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

Debtor   Common Management Co.                                          Case number *(if known)* 24-11131

### 18. Closed financial accounts
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

### 19. Safe deposit boxes
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

### 20. Off-premises storage
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

### Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

### 21. Property held for another
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

### Part 12: Details About Environment Information

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

☒ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?

☒ No.
☐ Yes. Provide details below.

| Debtor | Common Management Co. | Case number (if known) 24-11131 |
|---|---|---|

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

### Part 13: Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☒ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☒ None

| Name and address | Date of service<br>From-To |
|---|---|

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☒ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☒ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☒ None

**Name and address**

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

Debtor   Common Management Co.                                             Case number (if known) 24-11131

☒ No
☐ Yes. Identify below.

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☒ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☒ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer identification number of the parent corporation |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No
☐ Yes. Identify below.

| Name of the pension fund | Employer identification number of the pension fund |

### Part 14: Signature and Declaration

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on       July 1, 2024

_/s/ Edoardo Archetti_
Signature of individual signing on behalf of the debtor        Edoardo Archetti
                                                               Printed name

Position or relationship to debtor       Acting Chief Operating Officer

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
☒ No
☐ Yes

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

**In re:**

| | |
|---|---|
| **COMMON LIVING, INC.,** | **CHAPTER 7** |
| Debtor. | Case No. 24-11130 |

## GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

Common Living Inc. ("CLI") in the above-captioned chapter 7 case (the "Debtor") and various subsidiaries[1] are filing their Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statement" or "SOFA") in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes and Statements of Limitations, Methodology, and Disclaimer Regarding the Debtor's Schedules and Statement (the "Global Notes") pertain to, and are incorporated by reference in, and comprise an integral part of all the Schedules and Statement. These Global Notes should be referred to, and referenced in connection with, any review of the Schedules and Statement.

The Debtor's staff prepared the Schedules and Statement with the assistance of their advisors and other professionals. The Schedules and Statement are unaudited and subject to potential adjustment. In preparing the Schedules and Statement, the Debtor relied on financial data derived from their books and records that were available at the time of preparation. The Debtor's management team and advisors have made reasonable efforts to ensure that the Schedules and Statement are as accurate and complete as possible under the circumstances; however, subsequent information or discovery may result in material changes to the Schedules and Statement and errors or omissions may exist. Notwithstanding any such discovery, new information, or errors or omissions, the Debtor does not undertake any obligation or commitment to update the Schedules and Statement. The Debtor reserves all rights with respect to this issue.

The Debtor reserves all rights to amend or supplement the Schedules and Statement from time to time, in all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statement as to amount, liability, classification, identity of debtor, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the

---

[1] The entities owned by the Debtor each of which have filed for protection under Chapter 7 are: (a) CLI Cypress, LLC; Bankruptcy No. 24-11127; (b) CLI Elmwood, LLC; Bankruptcy No. 24-11128; (c) Common Kin, LLC; Bankruptcy No.24-11129; (d) Common Management Co.; Bankruptcy No. 24-11131; (e) Common TRS, Inc.; Bankruptcy No. 24-11132; (f) Mily Families, LLC; Bankruptcy No. 24-11133; and (g) CLI Clifton, Inc.; Bankruptcy No. 24-11134.

Schedules or Statement shall constitute a waiver of any of the Debtor's rights or an admission with respect to their chapter 7 case, including any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers.

**The Schedules, Statement, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtor or their affiliates. The Debtor was acquired by new ownership on or around March 2023 and thus the Debtor's current staff cannot represent or warranty the historical information present in the Debtor's system on that date.**

**Affiliated Debtors. The Affiliated Debtors in footnote 1 note that the Debtor's records do not accurately delineate which creditors are those of Common Living Inc. as opposed to any of the Affiliates. Common Living Inc. recorded all of the creditors on the books and records of Common Living Inc. including those of any of the subsidiaries.**

1. **Description of the Case.** On May 31, 2024 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 7 of the Bankruptcy Code.

2. **Basis of Presentation.** The Schedules and Statement are unaudited and reflect the Debtor's reasonable efforts to report certain financial information on an unconsolidated basis. These Schedules and Statement neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of the Debtor.

3. **Reporting Date.** Unless otherwise noted in the specific responses, the Schedules and Statement reflect the Debtor's books and records as of the close of business on May 31, 2024. The liability values are as of the Petition Date.

4. **Current Values.** The assets and liabilities of the Debtor are listed on the basis of the book value of the asset or liability in the Debtor's accounting books and records. Unless otherwise noted, the carrying value on the Debtor's books, rather than the current market value, is reflected in the Schedules and Statement.

5. **Confidentiality.** There may be instances where certain information is not included due to the nature of an agreement between the Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or to protect the privacy of an individual. The omissions are limited to only what is necessary to protect the Debtor or a relevant third party and will provide interested parties with sufficient information to discern the nature of the listing.

6. **Accuracy.** The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtor should evaluate this financial information in light of the purposes for which it was prepared. The

Debtor is not liable for and undertake no responsibility to indicate variations from securities laws or for any evaluations of the Debtor based on this financial information or any other information.

7. **Net Book Value of Assets.** In many instances, current market valuations are not maintained by or readily available to the Debtor. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtor to obtain current market valuations for all assets. As such, wherever possible, unless otherwise indicated, net book values as of Petition Date are presented. When necessary, the Debtor has indicated that the value of certain assets is "Unknown." Amounts ultimately realized may vary materially from net book value (or other value so ascribed). Accordingly, the Debtor reserves all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statement.

8. **Unknown Amounts.** Claim amounts that could not readily be quantified by the Debtor are scheduled as "unknown." The description of an amount as "unknown" is not intended to reflect upon the materiality of the amount.

9. **Excluded Assets and Liabilities.** The Debtor believes that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules. The Debtor has excluded the following items which may be excluded in their GAAP financial statements from the Schedules: certain accrued liabilities, including, without limitation, accrued salaries, employee benefit accruals, and certain other accruals, certain pre-paid and other current assets considered to have no market value. Other immaterial assets and liabilities may also have been excluded.

10. **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have been sold, abandoned, or terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that those intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtor reserves all of their rights as to the legal status of all intellectual property rights.

11. **Totals.** All totals that are included in the Schedules and Statement represent totals of all the known amounts included in the Schedules and Statement and exclude items identified as "unknown." If there are unknown or undetermined amounts, the actual totals may be materially different from the listed totals.

12. **Currency.** All amounts shown in the Schedules and Statement are in U.S. Dollars, unless otherwise indicated.

13. **Other Paid Claims.** To the extent the Debtor has reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtor's Schedules and Statement, and shall be enforceable by all parties, subject to Bankruptcy Court approval. To the extent the Debtor pay any of the claims listed in the Schedules and Statement pursuant to any orders entered by the Bankruptcy Court, the Debtor

reserves all rights to amend and supplement the Schedules and Statement and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

**14.     Setoffs.** The Debtor may incur certain setoffs from affiliates, customers and suppliers in the ordinary course of business. Setoffs in the ordinary course can result from various items including, but not limited to, intercompany transactions, pricing discrepancies, customer programs, returns, warranties, refunds, and other disputes between the Debtor and their customers and/or suppliers. These routine setoffs are consistent with the ordinary course of business in the Debtor's industry, and, therefore, can be particularly voluminous, unduly burdensome, and costly for the Debtor to regularly document. Although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary-course setoffs are not independently accounted for, and, as such, are excluded from the Debtor's Schedules and Statement. Any setoff of a prepetition debt to be applied against the Debtor is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code.

**15.     Debtor's Reservation of Rights.** Nothing contained in the Schedules, Statement, or Notes shall constitute a waiver of rights with respect to this chapter 7 case, including, but not limited to, the following:

   a.     Any failure to designate a claim listed on the Debtor's Schedules and Statement as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtor reserves the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on its Schedules as to amount, liability, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

   b.     The listing of a claim (i) on Schedule D as "secured," (ii) on Schedule E/F (Part 1) as "priority," (iii) on Schedule E/F (Part 2) as "unsecured priority," or (iv) listing a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtor of the legal rights of the claimant, or a waiver of the Debtor's rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection, or otherwise. Moreover, although the Debtor may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtor's assets in which such creditors may have a security interest has been undertaken. Except as provided in an order of the Bankruptcy Court, the Debtor reserves all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

   c.     In the ordinary course of their business, the Debtor may lease equipment from certain third-party lessors for use in the daily operation of their businesses. Any such leases are set forth in Schedule G and any current amounts due under such leases that were outstanding as of the Petition Date is listed on Schedule E/F. The property subject to any of such leases is not reflected in either Schedule A/B as either owned property or assets of the Debtor nor is such property or assets of third parties within the control of the Debtor. Nothing in the Schedules is or shall be construed as an admission or determination as to

the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtor reserves all rights with respect to any of such issues, including the recharacterization thereof.

   d.  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtor's books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtor. The Debtor reserves all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

   e.  The Debtor's business is part of a complex enterprise. Although the Debtor has exercised their reasonable efforts to ensure the accuracy of their Schedules and Statement, they nevertheless may contain errors and omissions. The Debtor hereby reserve all of their rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases set forth on the Debtor's Schedules and Statement, and to amend and supplement the Schedules and Statement as necessary.

   f.  The Debtor further reserves all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statement, including, but not limited to, the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.

   g.  Listing a contract or lease on the Debtor's Schedules and Statement shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. The Debtor hereby expressly reserves the right to assert that any contract listed on the Debtor's Schedules and Statement does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code, as well as the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of section 365 of the Bankruptcy Code.

   h.  The Debtors have not closed any year end statements since their acquisition by new ownership in March 2023 and therefore have not completed a reconciliation of their financial affairs and statements, which occur in the ordinary course of business as part of the year end statement closing. The responses to certain of the schedules/statements are based on items and values that have been exported directly from the company's financial and record software known as Netsuite. Such system has not been fully brought up to date in the time since the Debtors were acquired by new ownership. Hence some items, values and amounts might no longer be accurate.

  16. **Specific Comments on Schedules and Statement of Financial Affairs.**

**Schedule A/B 1.**  **Cash and Equivalents:** The Debtor currently believes that all accounts, with the exception of those ending in 1992, 2016, 2057, 2073, 6976, 2219, 0748, 7593, 2115, and 1904, are not Common Living Inc.'s property, but the Management Agreement Home Owners. Until the time of the filing, Common Living Inc. used such accounts for the sole benefit of

`Management Agreement Home Owners. Attached to Schedule AB is a chart of the accounts that the Debtor believes are the property of the Debtor. Attached as "Property Held for Other Persons" is a separate chart of all other accounts.

**Schedule A/B 2.**     **Deposits and Prepayments:** These items and values have been exported directly from the company's financial and record software known as Netsuite. A schedule is attached to AB.

**Schedule A/B 3.**     **Accounts Receivables:** The account receivables list provided in the schedules represents what CLI management considers as operationally accurate up to the time of the filing. Attached to Schedule AB for question 11 are items and values that have been exported from the company's internal software, including, but not limited to, the property management system known as Entrata and financial and record software known as Netsuite. The Debtor has attached a schedule of all transactions with Habyt Properties US LLC.

**Schedule A/B 5**     **Inventory, excluding agriculture assets:** Finished goods, including goods held for resale: value unknown. Amount as of December 31, 2021, exported directly from the company's financial and record software known as Netsuite.

**Schedule A/B 7.**     **Office Furniture:** Amount unknown at the time of the filing. Amount as of December 31, 2021 exported directly from the company's financial and record software known as Netsuite.

**Schedule A/B 7.**     **Office Equipment:** Amount estimated at the time of the filing based on the IT Equipment inventory list provide by CLI's IT team prior the filing.

**Schedule A/B 11**     **All Other Assets:** Amount unknown at the time of the filing. These items and values have been exported directly from the company's financial and record software known as Netsuite.

**Schedule E/F 1**     **List All Creditors with Priority Unsecured Claims:** Schedule includes: amounts due to governmental units, unpaid salaries/wages, outstanding benefits and deposits held for tenants. Unpaid salaries/wages are due to human error during the last payroll cycle that was completed prior to the filing date. Error was discovered after filing had been completed. Outstanding PTO and sick leave amounts estimated based on the hours left and the base salary/wages received by the employee. Security Deposits held for tenants of CLI that are subject to a Master Lease are held in bank accounts with J.P Morgan Chase ending in 2115.

**Schedule E/F 2**     **Part 2: List All Creditors with NONPRIORITY Unsecured Claims:** These items and values have been exported directly from the company's financial and record software known as Netsuite.

**Schedule G    1**     **Does the debtor have any executory contracts or unexpired leases?:** A list of executory contracts to which CLI is a counterparty has been provided. It is possible that more contracts are in place as of the filing date or are otherwise covered in separate attachments to the Schedules and Statement. Such list does not include leases with tenants of CLI related to the properties subject to the Master Lease.

**SOFA 1**     **Gross revenue from business:** Income is based on actual information until April 2024, May 2024 has been estimated as it hasn't been officially closed as of the date hereof.

**SOFA 2**     **Certain payments or transfers to creditors within 90 days before filing this case:** For 31 beneficiaries marked as "N/A" or "unknown," the Debtor hasn't been able to identify the basis for the payment from the payment description. 74 beneficiaries are marked as "Tenant deposit refund" as specific tenants are not identified in the payment description.

**SOFA 10**     **Closed financial accounts:** Bank accounts in the list correspond to operating, security deposit or project fund accounts closed until the time of the filing. List was obtained from historic file of the company bank accounts. No details for closed balance, bank account purpose or name were available since historic file does not contain them.

**SOFA 11**     **Property the Debtor Holds or Controls That the Debtor Does Not Own:** This schedule includes two groups of accounts, J.P. Morgan Chase bank accounts managed for the benefits of third parties and other bank accounts owned by third parties where CLI has access.